May it please the Court, I am Wallace Allen for Appellant American Honda Motor Company, Inc. May I reserve two minutes for a rebuttal? Whatever you have left on the clock. Thank you. And I would like to thank the Court for the accommodation scheduled today. I'd like to begin with the jurisdictional issue. In this case, there is jurisdiction. The 23F petition was filed timely. The test is whether the District Court's second order on class certification materially modified or resolved in ambiguity in his first order. Both of those tests are met. In this case, there was a genuine ambiguity created by the initial class certification order. You don't have to win on both. That's correct, Your Honor. I can win on either. Okay. And you think that the ambiguity prong is the strongest one for you? I think, actually, material modification is even clearer. And that is because the initial You want to spend your time on the part that So if you win on that, we don't have to consider the other. Thank you for that guidance, Your Honor. The material modification issue in the initial class certification order, by reason of the interlineation, the language that the judge struck out, there was no class representative and no class counsel. And without a class representative, there's no case or controversy. There's no plaintiff. And without class counsel, there's nobody to represent the class. Mr. Allen, if you're proceeding on material modification, the modifications which were made in the October 2006 order deal with the naming of class representatives and the naming of class counsel. Correct. You are appealing on the basis that there was no consideration of the difference between state law in the four states that you claim the action should be limited to. In the case of Harmon v. Harper, a Ninth Circuit court case in 1993, the Honeywell extension of time was held to require that the changes in the order be the basis of the appeal. How do you get around that? Your Honor, I think that the basis of the appeal really is that the district court ambushed the parties with a ruling that nobody anticipated because the issue was not the case. But your formal basis of appeal is that the trial court did not comply with Rule 23 and the jurisprudence of this court that it consider and put in its order the consideration of the different state laws of the different states of which the parties were parties plaintiff. That does not have anything to do with the naming of representative and that does nothing to do with the naming of counsel. That's the problem I have. Okay. Your Honor, then that would take us to the first prong that would give us the Ambiguity. Ambiguity. And ambiguity clearly exists. You give up on that, just on that? I did not, Your Honor. I believe that both of those in doubt, your job as an advocate is to remove that doubt. Your Honor, I would think I wouldn't give up and cut and run. I mean, just because the Seventh Circuit has held that, you know, what do they know? Now, if it were the Third Circuit, of course, we would. Well, we're talking about Gary v. Sheehan, isn't it? No, it's Harmon v. Harper, 7th, 5th, 3rd, 14, 55, 9th Circuit, 1993. It's somewhat in tension with a later case saying exactly the opposite. So we may not want to get there. So we may want to hear about ambiguity. So why don't you tell us about ambiguity? Your Honor, the ambiguity that existed by reason of the first order was clearly apparent because the way the district court did this was to strike language. And by striking language, they let the district court create an ambiguous class, all owners of these two vehicles in question. That's not an ambiguous class. It's a very large class. It's even a worldwide class. It's a universe-wide class. Right. But what's ambiguous about saying everybody? Because the complaint did not seek a nationwide class. Now, did you make a – did you argue that you didn't receive due process notice, that you were on the other end of a notice to certify in four States and then end up certifying the universe? When we brought the Rule 60 motion for clarification or reconsideration, yes, Your Honor, we did ask the district court to give us an opportunity to be heard on that issue. And so the ambiguity clearly existed by reason of the undefined potentially worldwide class and by reason of the fact that the class representatives and class counsel were deleted. You cannot read that order and think that the district court did what it later said it intended to do. Everything about that order is suggested to the parties, but the district court had inadvertently struck too much language or forgotten to write something in and thereby created this highly ambiguous order. We didn't know what to do with it. And so when it came time – when this court denied our first Rule 23S petition, which is on a different issue, we were left with this ambiguous order, and we decided to go to the court for clarification, to the district court. That's what we did, and that's when we learned that the district court intended to certify a nationwide class. That's when we first learned that that's what the court intended to do. And so that's when we filed our second Rule 23F petition that brings us here today. What about the merits? On the merits, it is absolutely clear that the district court, if it was going to certify a nationwide class, needed to go through an analysis that clearly was not done. It not only wasn't done, it wasn't briefed or argued, so we didn't have an opportunity to present those issues to the court. It is unclear to me whether the district court had the power to certify a nationwide class in these circumstances when nobody had asked for it and the pleadings did not frame that issue. But what is clear is that the district court abused its discretion by certifying such a class under these circumstances when it wasn't briefed or argued. Well, as I read the record, the district judge did not go through the requirements of Rule 23A. It seems to me that if you're going to create a nationwide class, there has to be a finding as to at least questions of law common to the class. And that was not done here, was it? That was not done, Your Honor. He did not address 23A, nor did he address 23B. 23B-3, which would require the court to find that common issues predominate over individual issues, and that's the whole ball of wax in a nationwide class action. That analysis wasn't done at all. Nor was the threshold conflict of law analysis done to determine whether the forum courts could apply the law of their state to the out-of-state class members. None of that was done here. And so the court clearly abused its discretion by not following the analysis and setting forth its analysis to certify a nationwide class under Rule 23. I'll reserve the rest of my time. Okay. Thank you. We'll hear from the other side. May it please the Court. My name is Gina Taffaro, and I represent the plaintiffs' appellees in this matter. Before I begin, I was reading the Ninth Circuit's rules the other day, and the rules stated that it's incumbent upon parties to promptly notify the panel in the event that the parties have come to a settlement. Here, the parties have come to an agreement on all terms of the settlement except for one, which is the attorney's fees issue, and the parties have agreed to mediate this issue before Judge Kagan. I'm sorry, counsel. You're reading from something and you're projecting your voice downward. Those microphones are not amplifiers. And so would you kindly repeat what you've just said? Do I understand you correctly? This case is settled? Well, the parties have come to a settlement agreement, and the only outstanding issue is attorney's fees. And I was reading the rules, and the rules said that it's incumbent for the parties to tell the judges if that is the case. I have all of the paperwork with me to demonstrate that the parties have come to an agreement. When was this agreement reached? The parties have been ongoing in settlement discussions, and the plaintiffs accepted the defendant's most recent proposal on May 6th, 2008. And just this week, the parties have come to an agreement to mediate the attorney's fees issues before Judge Tervizian. So you knew about the settlement of the merits a month ago? Well, Your Honors, when we submitted the request for an extension of time in this case, the plaintiffs did put in that document that the parties were engaged in settlement discussions. No, I – you didn't answer my question. Did you hear my question? Can you repeat it again, please? You knew a month ago that you had signed a settlement agreement. We knew on May 6th that we had come to an agreement. I mean, more or less a month ago, today being, what, the 4th? That's correct. The 4th, right? So almost a month ago you knew this. Yes. And did you notify the court at that time that you'd signed that agreement? Not on May 6th, when we had submitted the – You didn't notify us at all until this minute. You said they were engaged in settlement discussion, and there was some dispute, as I recall, as to how successful they're likely to be, but you didn't actually notify us of that. Your Honor – Neither counsel did, right? One other issue. When I was – Is that right? No, that's actually not correct. Okay. When I was called by the court to confirm the date for oral arguments, I did notify – her name is Arden – of the court, and I said that the parties did come to an agreement, and she said that she would pass it on to the court. So I didn't inform the court formally, but I definitely – You told her you had a signed settlement agreement? I did. I absolutely did. You know – And she said that – Talking to clerks is not the way to notify the court. Do you understand that? I understand. I understand. And if you want somebody to bring somebody's attention to the court, you file a document. I understand, Your Honor. Okay. And then is something happening a week ago? A week ago? No, just two days ago, or yesterday, actually. The parties agreed finally to mediate the attorney's fees issues before Judge Trevisan. Who is now a private judge, right? Yes, he's a private judge. He's no longer a district judge. That's correct. This was before a – Correct. Correct. Okay. So are you taking the position that the case is moot? Well, that's definitely the plaintiff's position in terms of the settlement. I was always taught that when you have an agreement on the substance of a settlement, that that's separate and apart from the attorney's fees. The defendants don't see that as – they don't agree with that position. But your agreement is to mediate before Judge – Trevisan, the attorney's fees issues. Well, mediation might not be successful. That's correct. What happens if it's not successful? It's the plaintiff's position that we would take the issue to the judge and decide the attorney's fees that way. Is the settlement of the merits contingent on the resolution of the attorney's fees issue? Not in plaintiff's view, no. How about in the view of the contract? In view of what? The contract. What does the contract say? Oh, no. Well, I think that the defendant's position would be yes, and that's what they probably would say is in their – in one of their letters. I see. Okay. Well, do you want to argue the case? Yes. Yes, I do. But I just felt that it would be incumbent upon me today to let the Court know that in pursuance of the Court's rules. Well, if you thought it was relevant today, it would have been relevant a month ago, and then you – if you thought you had an obligation to do it, you had an obligation to do it a month ago or very shortly thereafter. Okay. As Your Honors have heard from Mr. Allen, there are two main issues before the Court. The first has to do with jurisdiction, and the second has to do with whether or not the district court abused its discretion in certifying a nationwide class. Before you continue on the merits, I had difficulty, as Judge Vail, hearing you. Judge Kuczynski is much younger than we are, and he has better ears. Bigger ears, anyhow. But what I – I just don't quite understand where we're going. At one hand, you say this settlement has been reached. What has this Court – what are we doing here? That's a good question. I mean, is this a moot court now? Plaintiffs take the position that we didn't necessarily want to be here today, but I think the defendants wanted to be here today. And because it's the defendant's appeal, that's why we're here. If I may continue. Now, Mr. Allen has talked a little bit about a test that was put forth in FTC v. Honeywell for determining whether a petition is timely. Now, the appellees have two things to say about that test. First, it's not the right test to apply in context of a 23-F petition. And second, even if it is the right test, Honda cannot satisfy it. Instead, the correct test was put forth in Gary, and the Court said that you need two conditions. There has to be a material alteration, and the party aggrieved by the alteration may appeal within the normal time. So here we have to look to see if there's been a material alteration. Gary is a separate circuit court, right? Correct. It is. Have we adopted Gary? No. Well, as Judge pointed out, the alteration has to be the basis for the appeal. So while you haven't form... Well, I mean, that's what Gary says. Have we adopted Gary? I think in that case we have, because you have to have been aggrieved by that. Case. I can't remember the name of the case off the top of my head. The Ninth Circuit Court in Hanlon. You have the case? No, not with me, but Judge mentioned it just this morning. So it's my – I think that – I think the Ninth Circuit has adopted that test, and it makes sense that you have to be aggrieved by the alteration. Here, HONDA is not aggrieved by the alteration. It actually requested in its motion for reconsideration that class counsel, as well as the class representatives, be appointed. So it can't come to the court and say that it's been aggrieved. So that leaves us with this Honeywell test. But the order that was originally entered made no sense at all. It essentially killed the case. There would have been nothing for them to appeal from, because without a class representative or a class counsel, you can't carry on an action. So the original order didn't really aggrieve them. I mean, they had to assume that there was some mistake involved. Well, I – If the court certifies a class but strikes a class representative and a class counsel, the case is over. I mean, you have a certified class in the abstract, but without a class representative to represent the class, you don't have a lawsuit. I don't see how HONDA is aggrieved by the alteration of creating the class appointments. Yes, they are. They were aggrieved because now there's a lawsuit against them. Yeah, whereas there was no lawsuit against them in the original order. I don't think that that's a material alteration. And Gary even tells you that here – Gary Court says if the class had – if the court had de-certified – I mean, they would have been very happy if the judge had come back and said, you know, we really – I really did mean to strike the class and the class representative, because then they would have said, well, okay, so now we have a class certified against us. There's nobody on the other side. You guys are too late to appeal because you're 10 days in the run. And the case is over. So the sensible thing is to say, judge, you couldn't have meant to strike out those key aspects of the order. You do that, and it just makes no sense at all. Well, the reason why I say that they can't be aggrieved is that they asked for it in the first place. That was part of their motion for reconsideration. How can you be aggrieved by relief that you've sought? So if you ask for relief and get it, you're not aggrieved, even though it may not be all the relief you want. And if you don't ask for relief – if you ask for relief and don't get it, then it's too late because there's no alteration and the 10-day period has passed. That's what I understand it to be. So if you have a – if you're under this rule, if you have an order that makes no sense at all as an original order – and you don't disagree that the original order here didn't make any sense at all, do you? I do disagree. And the reason why I disagree with that is Honda was able to understand exactly what that order said on July 13, 2006, when it wrote to the Ninth Circuit and said, Your Honors, here's an attachment with the order, and this is what the order means. So I think it was very clear. It wasn't ambiguous at all. Now, Honda may disagree with it. No, no. I don't think you heard my question. It doesn't make any sense. I didn't say that it wasn't understandable. I mean, something can be perfectly clear and yet nonsensical, but it doesn't make any sense at all to enter an order that certifies a class and strikes the class representative and the class counsel. I mean, what have you got at that point? The class. Without a class representative, do you have a lawsuit? No, you don't. The judge would have to go back and appoint a class counsel, which is what he did. But the question is, is that immaterial? He can appoint class counsel, but he can't appoint a class representative. If he strikes the class representative, he can't just go on the street and find a party to appoint. One thing judges can do is to go out and find plaintiffs. Not that we really want to. I mean, we've got plenty of cases, thank you. But, you know, it would sort of detract from the impartiality of the judge to go out shopping for plaintiffs, no? Well, the judge can't do that. No, he can't do that. Well, some district judges may think they can. Your Honors, I am out of time. You are out of time. Why don't we hear from Mr. Allen? He's got another minute and a half, and he can start by telling us why he didn't inform us a month ago of this settlement agreement. Because there is no settlement, nor is settlement imminent. And I strongly disagree with the plaintiffs' counsel on that issue. No, she's represented that you signed the settlement on the merits that, in her view, is not contingent on resolving the attorneys' fees. That is just incorrect, Your Honor. That has not occurred. There has been an ongoing mediation. Anything happened on May 6th of relevance to our discussion here? There is an exchange of correspondence between the parties pursuant to an ongoing discussion and an ongoing mediation involving Judge Trebesian. We have made progress towards a settlement, but there is an enormous obstacle that remains, that the settlement will not occur unless that obstacle is overcome. We have agreed to a further mediation between Judge Trebesian before him to see if we can overcome that obstacle. But we are not, we do not have a settlement, and a settlement is not imminent. And that's my understanding. The only obstacle is attorneys' fees, and that's what's going to be mediated, right? That's correct, Your Honor. Okay. And the settlement, there is no settlement without a resolution of the attorneys' fee issue. That's why there has been no notification to the Court, which we would, of course, do if there were a settlement or if settlement were imminent. Well, just so counsel understand, even raising something as an oral argument is not enough. If you claim there's a settlement agreement, if either party thinks there's a settlement agreement, you need to notify the Court and file a copy of it so we can actually look at it and see what it is. I understand, sir, in your position that you don't think there is. So if you are arguably right on that, then, of course, you have no obligation to notify us of anything. So we ate up your minute and a half on this issue. Do you want to take a minute? Unless the Court has further questions on the issues, I'm prepared to rest, Your Honor. When is the mediation before Judge – is it – Trevisian. I knew Judge Trevisian. What I'm asking is – I was rephrasing the question. Is there a specific date now set before Judge Trevisian on the – for the mediation? July 24th. July 24th. Okay. Here in Los Angeles? Yes. Okay. Case just argued. We'll stand submitted. We will take a recess while this panel confers on this case, and we ask Judge Nelson to join us for the remainder of the calendar.
judges: Kozinski, Bea, Huff